UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Respondent,<br><br>Vs.<br><br>MISAKO YAMAGUCHI,<br>　　　　Movant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Cause No:<br><br>5:15-cr-00395-BLF-1<br><br>Civil Action No:<br><br>_____ |

**DISCOVERY, EVIDENTIARY HEARING AND APPOINTMENT
OF COUNSEL IS WARRANTED**

　　Movant, MISAKO YAMAGUCHI, acting pro se in the foregoing action alleges and realleges, also incorporates by reference all claims raised in foregoing paragraphs of this and pleadings relevant to the Motion filed under Title 28 USC Section 2255.

　　Movant hereby respectfully moves this Honorable Court to enter an Order for Discovery and Evidentiary Hearing allowing her to present and support her claims for relief.

　　In support of this request, Movant submits to the court the following;

　　To further substantiate her claims for relief under Section 2255, the Movant requests Discovery pursuant to Rule 6 of the Rules governing 2255 proceedings. Rule 6 states;

(a) *Leave of Court Required.* A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law.

　　Pursuant to Rule 6(c) and 8(c) of the Rules governing section 2255 proceedings Ms. Movant requests that this Honorable Court appoint counsel pursuant to Movant prays that this Honorable Court, pursuant to Rule 8 of the same rules governing 2255 proceedings, Order an Evidentiary Hearing where she can have the claims and allegations addressed herein, by;

DISCOVERY 1

(A) Her Own Testimony and;
(B) Legal Arguments to presented at the Hearing.

*Rule 8 of the Rules governing section* 2255 *proceedings provide for an evidentiary hearing when the standards in* **Townsend** v. **Sain,** (372 U.S. 2935 (1963) *require or, at least, permit one in the discretion of the court the provisions of Title* 18 U.S.C. Section 3006A *of the Criminal Justice Act to represent her for the purposes of Discovery and Evidentiary Hearing.*

Rule 8(c) of this Section provides that if an evidentiary hearing is warranted, the Judge must appoint an attorney to represent the moving party.

Pursuant to Title USC § 3006A (2) (B) Inadequate representation of defendants, the court is empowered to grant such a request, citing;

**(a) Choice of Plan.**— Each United States district court, with the approval of the judicial council of the circuit, shall place in operation throughout the district a plan for furnishing representation for any person financially unable to obtain adequate representation in accordance with this section. Representation under each plan shall include counsel and investigative, expert, and other services necessary for adequate representation. Each plan shall provide the following:

(2) Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who—

**(B)** Is seeking relief under section 2241, 2254, or 2255 of title 28.
(3) Private attorneys shall be appointed in a substantial proportion of the cases. Each plan may include, in addition to the provisions for private attorneys, either of the following or both:
**(A)** Attorneys furnished by a bar association or a legal aid agency,
**(B)** Attorneys furnished by a defender organization established in accordance with the provisions of subsection (g). Movant submits that appointment of counsel is necessary to effectuate a full and fair adjudication of the legal issues presented herein.

Further, the Movant, MISAKO YAMAGUCHI, is unskilled in the protocol of law, and as such does not possess the skills with which to effectively litigate the issues she intends to place before the court in the event that her request for Discovery and Evidentiary Hearing is granted.

DISCOVERY 2

Case law is replete with support for the Movant's request for appointment of counsel for the purpose of effectively litigating the issues she wishes to place before the court. In all probability Discovery and an Evidentiary Hearing will be required. In **Fontaine v. United States**, 411 U.S. 213,215 (1973); (reversing summary dismissal or hearing because 'motion and filed and records of the case [did not] show that the Petitioner is entitled to no relief'); **Sanders v. United States**. 373 U.S. 1, 19-21 (1963); United States v. Vasquez, 7 F.3d U.S.81,83-86 (5) Cir.1993)granting of evidentiary hearing on section 2255 motion required appointment of counsel; "[t]he provisions of th[e] rule are mandatory and clear" citing **Lamb v. Estelle**, 667 F.2d492, 496-497. See also; **Wood v. Wainwright**, 597 F.2d 1054 (5 Cir.1979). The court in **Vasquez** opined that "[A]s with the right to counsel under the Sixth Amendment of the Constitution, when the statutory right to counsel at a Rule 8(c )hearing has been totally abridged, harm must be presumed." (Citing Strickland v. Washington, 466 U.S. 668, 692, 104 S.Ct. 2052,2067,80 L.Ed 2d. 674 (1984) ([a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice").

The standards for the section 2255 hearings under Rule 8(c) of the Rules governing section 2255 hearings provide that on should be held to inure that the [fullness and fairness of the ] state's [fact-finding proceeding]."

Congress has left intact the section 2255's Rules wholesale adoption of the Townsend standard and to create a discrepancy between the rights to a hearing under section 2254 cases. Because of the Anti Terrorism and Effective Death Penalty Act of 1996 (AEDPA) modified somewhat the Townsend standard for securing an Evidentiary Hearing in section 2254 cases and section 2255 cases, Congress clearly intended and did leave intact the rights to an evidentiary hearing in section 2255 cases carries with it the same automatic right to appointment of counsel for indigent claimants as in habeas corpus proceedings. The interests of justice require that counsel be appointed.

WHEREFORE PREMISES CONSIDERED, Movant prays that this Honorable Court will;
    a) Grant the Motion for Discovery,
    b) Grant the Motion for Evidentiary Hearing,
    c) Grant the Motion for Appointment of counsel, and;
    d) Grant unto the Movant any other relief this court deems just and proper.

Respectfully Submitted,

this 20 day of February 2017

DISCOVERY 3

*[signature]*

MISAKO YAMAGUCHI,
Movant, pro se
Fed. Reg. No:22400-111
FCI Dublin
5701 8 th ST. –Camp Parks
Dublin, CA. 94568

DISCOVERY 4

this 20 day of February, 2017

*/s/ Misako Yamaguchi*
MISAKO YAMAGUCHI,
Movant, pro se
Fed. Reg. No:22400-111
FCI Dublin
5701 8 th ST. –Camp Parks
Dublin, CA. 94568

DISCOVERY 5



Las Vegas P&DC 891 99
WED 01 MAR 2017 PM

RECEIVED
MAR - 01 2017
SUSAN Y SOONG
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

From: Dublin - Unit G
6701 8th St - Camp Parks
Dublin CA 94568

U.S. District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94123