UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>MISAKO YAMAGUCHI,<br>　　　　Defendant. | Case No. 15-cr-00395-BLF-1<br><br>**ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY AND DEFERRING RULING ON PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING**<br><br>[Re: ECF 61] |

　　　　Petitioner Misako Yamaguchi filed a *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel and "other constitutional issues." ECF 58, 66. Presently before the Court is Petitioner's motion for discovery and an evidentiary hearing in connection with her Section 2255 motion.[1] *See* Mot., ECF 61. The Government opposes Petitioner's request. Opp'n, ECF 67. For the reasons discussed below, the Court DENIES Petitioner's motion for discovery WITHOUT PREJUDICE and DEFERS ruling on Petitioner's motion for an evidentiary hearing.

　　　　In her motion, Petitioner asks the Court to enter an order authorizing her to conduct discovery pursuant to Rule 6 of the Rules governing § 2255 proceedings. Mot. 1. Rule 6(a) allows a district court to authorize a party to conduct discovery after the party has filed a § 2255 motion with the district court. Rule 6(a), Fed. R. Governing Section 2255 Proceedings ("Rule 6(a)"). In a Section 2255 proceeding, the "habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant." *Larkin v. Yates*, No. CV 09–2034, 2009 WL 2049991, at *13 (C.D. Cal. July 9, 2009) (citing *Bracy v. Gramley*, 520 U.S. 899, 903–05,

---

[1] The Court previously denied Petitioner's motion for appointment of counsel. *See* ECF 65.

1    (1997)). Rather, discovery is available to a Section 2255 movant "only in the discretion of the
2    court and for good cause shown." *Id.* (citing *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir.
3    1999)); Rule 6(a). Good cause exists where "specific allegations give the court a reason to believe
4    that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to
5    relief." *Easley v. MacDonald*, No. CV 12–09989, 2013 WL 6834638, at *1 (C.D. Cal. Dec.23,
6    2013) (citing *Smith v. Mahoney*, 611 F.3d 978 (9th Cir. 2010)).

7        Pursuant to Rule 6(b), "[a] party requesting discovery must provide reasons for the request
8    [and] [t]he request must [ ] include any proposed interrogatories and requests for admission, and
9    must specify any requested documents." Rule 6(b), Fed. R. Governing Section 2255 Proceedings.
10   Here, Petitioner has neither provided the reason for her request nor specified any documents,
11   interrogatories, or requests for admission. *See generally* Mot. Accordingly, the Court DENIES
12   Petitioner's motion for discovery WITHOUT PREJUDICE.

13       Petitioner also asks the Court to enter an order authorizing an evidentiary hearing. Under §
14   2255, "[u]nless the motion and the files and records of the case conclusively show that the
15   prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United
16   States attorney [and] grant a prompt [evidentiary] hearing thereon . . . ." 28 U.S.C. § 2255(b); *see*
17   *also Shah v. United States*, 878 F.2d 1156, 1160 (9th Cir. 1989) ("[N]o evidentiary hearing is
18   necessary when the issue of credibility can be conclusively decided on the basis of documentary
19   testimony and the evidence in the record." (citation and internal quotation marks omitted)). The
20   Ninth Circuit has acknowledged that "section 2255 imposes a fairly lenient burden on the
21   petitioner" in this regard but has added that "the petitioner is nonetheless 'required to allege
22   specific facts which, if true, would entitle him to relief.'" *Id*. Thus, to show that a district court
23   erred in not granting an evidentiary hearing, a petitioner "must allege specific facts which, if true,
24   would entitle him to relief" and "the petition, files and record of the case cannot conclusively
25   show that he is entitled to no relief." *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004).

26       In opposition to Petitioner's motion, the Government correctly contends that Petitioner has
27   not alleged any facts outside the record that would necessitate an evidentiary hearing. Opp'n 2.
28   However, as the Government also acknowledges, the Court has not yet addressed the adequacy of

Petitioner's underlying § 2255 claim to determine whether Petitioner is entitled to relief. *Id.* Accordingly, the Court DEFERS ruling on Petitioner's request until it is able to review the Government's substantive response to Petitioner's § 2255 motion. *See id.* at 2 n.1.

**IT IS SO ORDERED.**

Dated: March 23, 2017

_____
BETH LABSON FREEMAN
United States District Judge