BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

JEFFREY B. SCHENK (CABN 234355)
Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-2695
FAX: (408) 535-5066
jeffrey.b.schenk@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) Case No. 15-CR-00395-BLF |
|---|---|
| Respondent-Plaintiff, | ) |
| v. | ) UNITED STATES' RESPONSE IN OPPOSITION TO PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING |
| MISAKO YAMAGUCHI, | ) |
| Petitioner-Defendant. | ) |

**INTRODUCTION**

The respondent, United States of America, by and through its counsel Assistant United States Attorney Jeffrey Schenk, hereby files its response opposing Petitioner Misako Yamaguchi's motion for an evidentiary hearing. This Court has scheduled this matter for a status hearing on October 10, 2017. At that hearing, the government will suggest to the Court several available paths forward. First, the government will urge this Court to deny the Petitioner's substantive motion without holding an evidentiary hearing, since the Petitioner has not and cannot present sufficient evidence to support her ineffective assistance of counsel claim. Furthermore, significant evidence exists in the record to demonstrate that the Court and her attorney properly advised the Petitioner of the immigration consequences of her guilty plea.

Second, if the Court believes more evidence is necessary before ruling on the merits, it should inquire into the Petitioner's voluntary partial waiver of the attorney-client privilege. In order to obtain additional evidence from the Petitioner's trial counsel, the Petitioner must waive this privilege. After the Court obtains a knowing waiver from the Petitioner, the Court can order her trial counsel to provide any relevant documents (concerning his advice to the Petitioner about the immigration consequences of her guilty plea) to the Court for an *in camera* review. Alternatively, the Court could order the government to review these documents and/or obtain a declaration from trial counsel.

Third, if, after reviewing materials provided by her trial counsel, the Court still believes it has insufficient evidence to rule on the merits of Petitioner's claim, the Court, at that time, can make a determination regarding the type of evidence it seeks in an evidentiary hearing.

Therefore, the government believes that it is unnecessary, and at the very least premature, to hold an evidentiary hearing at this time.

## ARGUMENT

### I.    The Petitioner's Motion for an Evidentiary Hearing Should be Denied

The Court can rule on the merits of the petition based on this record without holding an evidentiary hearing. Under § 2255, where a motion is based on alleged occurrences outside the record, the Ninth Circuit has held that no evidentiary hearing is required if the allegations, "viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Shah v. United States,* 878 F.2d 1156, 1158 (9th Cir. 1989) (citation and internal quotation marks omitted). Where credibility "can be conclusively decided on the basis of documentary testimony and the evidence in the record, no evidentiary hearing is required." *Id.* at 1160 (citation and internal quotation marks omitted).

No evidentiary hearing is required here. First, there is no issue in dispute that would necessitate an evidentiary hearing. Second, the Petitioner's statements in support of her ineffective assistance of counsel claim are not credible based on the information provided in the record. For these reasons, the government respectfully requests that the Court deny the Petitioner's motion for an evidentiary hearing.

//

//

As set out in the government's Response in Opposition to Petitioner's Motion (ECF 69), the Petitioner cannot establish that she was denied effective assistance of counsel during her criminal proceedings. In order to sustain such a claim, the Petitioner must show that: (1) her defense counsel's performance was deficient; and that (2) this deficient performance prejudiced her defense and deprived her of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The information in the record and asserted by Petitioner shows that her claims are meritless and her motion should be denied.

## II.  *Lee v. United States* Is Distinguishable From The Instant Case

In *Lee v. United States,* 137 S.Ct. 1958 (2017), the Supreme Court granted certiorari to address whether a noncitizen defendant could establish that, under *Strickland,* he was prejudiced by his attorney's erroneous advise that a guilty plea would not result in his deportation. While the Court found that Lee was able to establish prejudice, it expressly stated that courts "should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee,* 137 S.Ct. at 1967. In *Lee*, which the Court described as a case of "unusual circumstances," the Court pointed specifically to Lee's responses during his plea colloquy as evidence that he would have rejected the plea had he known it would lead to mandatory deportation (after being admonished by the judge that his conviction could result in his deportation, Lee said, "I don't understand," and turned to his attorney for advice). *Id.* at 1968. No such facts are present in the instant case.

In her Motion (ECF 58) and Memorandum (ECF 66), the Petitioner made vague allegations that her prior representation was deficient, but failed to provide any evidence to support her claims. In the Petitioner's Reply Brief (ECF 72), she elaborates on those claims, alleging that when she advised her former attorney of her Japanese citizenship and "he acted as if that was not a problem." The Petitioner further alleges that her former attorney failed to advise her of the possibility of deportation as a consequence to her plea. She also states that she "was not given time to read the fine print," of the plea agreement that she signed.

In fact, not only are Petitioner's allegations not credible, they are contradicted by information in the record before this Court. For instance, the record shows that Petitioner was advised in her written

1  plea agreement, and by this Court at her change of plea hearing, that her guilty plea could carry

2  immigration consequences.  Furthermore, both Petitioner and her former attorney affirmed that

3  Petitioner had been advised and understood these consequences by their signatures on the plea

4  agreement and orally at the hearing.  For these reasons, the Court should deny the Petitioner's

5  substantive motion without the need for an evidentiary hearing.

6  **III.   The Court May Defer Ruling On The Petitioner's Motion And Obtain The Information Necessary For Ruling From The Petitioner's Former Attorney**

7

8  Even if this Court finds that it requires additional information before ruling on Petitioner's

9  motion, it may obtain that information without holding an evidentiary hearing.  The Ninth Circuit has

10 permitted courts to "use discovery or documentary evidence to expand the record," instead of

11 conducting an evidentiary hearing.  *Shah,* 878 F.2d at 1159; *Watts v. United States,* 841 F.2d 275, 277

12 (9th Cir. 1988).  If the Court requires additional information, the government respectfully requests that

13 the Court permit the Petitioner's former attorney, after a knowing wavier of the attorney-client privilege

14 by Petitioner, to submit relevant documents to the Court for an *in camera* review.  Similarly, the Court

15 could ask Petitioner's former attorney to meet with the government, and provide any relevant documents

16 or draft and submit a declaration concerning his conversations with Petitioner regarding the immigration

17 consequences of her guilty plea.  The Court may then use this information to consider the Petitioner's

18 motion based on an expanded record.

19 The government opposes the Petitioner's request for an evidentiary hearing, as the government

20 believes the Court can either deny the motion on its merits or supplement the record without holding an

21 evidentiary hearing.

22

23 Dated: October 2, 2017                Respectfully submitted,

24                                       BRIAN J. STRETCH
                                         United States Attorney
25
                                          /s/
26                                       JEFFREY SCHENK
                                         Assistant United States Attorney
27

28