UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>YAMAGUCHI,<br>　　　　Defendant. | Case No. 15-cr-00395-BLF-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR AN EVIDENTIARY HEARING** |

Defendant Misako Yamaguchi ("Yamaguchi") filed a motion to vacate her conviction and sentence under 28 U.S.C. § 2255. *See* ECF 58. She moved for an evidentiary hearing on the motion. *See* ECF 61. On June 27, 2017, the Court appointed counsel for Yamaguchi and terminated the pending motion for an evidentiary hearing without prejudice to being refiled once Yamaguchi conferred with counsel. *See* ECF 73.

Counsel for Yamaguchi renewed the motion for an evidentiary hearing on September 17, 2017. *See* ECF 80. The Government opposed the motion for an evidentiary hearing, arguing that Yamaguchi's statements are "not credible" based on information in the record. *See* ECF 82. The Court held oral argument on the motion for an evidentiary hearing on October 10, 2017. Following the hearing, the Court ordered that the attorney-client privilege had been waived with respect to the conversations Yamaguchi had with her former attorney, Kirk Elliot ("Mr. Elliot"), regarding the immigration consequences of her guilty plea in this case. *See* ECF 84. Thereafter, the Parties supplemented the record: the Government provided a declaration from Mr. Elliot (ECF 86), and Yamaguchi offered declarations from Carl Lindstrom, Valerie Ann Zukin, and James McNair Thompson (ECF 87).

1    The Court held further oral argument on Yamaguchi's motion for an evidentiary hearing
2    on October 24, 2017.  The Court noted the serious inconsistencies in the declarations submitted to
3    the Court regarding how Mr. Elliot advised Yamaguchi of the immigration consequences of
4    pleading guilty to an aggravated felony.

5    Moreover, a district court *must* grant a federal habeas petitioner's motion for an evidentiary
6    hearing "unless the motion and the files and records of the case conclusively show that the
7    prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Rodrigues*, 347
8    F.3d 818, 824 (9th Cir. 2003).  The Ninth Circuit has acknowledged that section 2255 imposes a
9    "fairly lenient burden" on the petitioner, so long as the petitioner alleges specific facts which, if
10   true, would entitle him or her to relief. *See Rodrigues*, 347 F.3d at 824.  The record makes clear
11   that Yamaguchi has alleged specific facts concerning Mr. Elliot's failure to adequately advise her
12   of the immigration consequences of her guilty plea.  Although Mr. Elliot presents conflicting
13   evidence, the credibility of Mr. Elliot's declaration is at the heart of Yamaguchi's motion to
14   vacate.

15   For the foregoing reasons, as well as the reasons stated on the record at the hearing, the
16   Court GRANTS Yamaguchi's motion for an evidentiary hearing.  An evidentiary hearing is SET
17   for **November 2, 2017 at 1:30 p.m.**  Counsel shall be prepared to offer witnesses and present their
18   evidence to the Court.

**IT IS SO ORDERED.**

Dated:  October 24, 2017

_____
BETH LABSON FREEMAN
United States District Judge